YARRUT, Judge.
These three cases have been consolidated on appeal and embody a year-long period of active litigation in the district court, beginning February 12, 1959, and ending on December 14, 1959, between two factions of a Negro Baptist Church in New Orleans.
Defendants are the Church, the Pastor and the members of the Board of Trustees elected in an alleged illegal election.
Plaintiffs-Appellants allege themselves to be bona fide financial members of the Church in good standing, and some in addition are members of the Board of Trustees (de facto) elected August 10, 1959, in an election ordered by the court, but later displaced by the alleged illegal election held by Defendants-Appellees in an alleged coup d’etat. ' ' .
Rose Hill Baptist Church is a religious corporation, organized under the non-profit corporation laws of Louisiana (LSA-R.S. 12:101-155) by notarial act in May, 1919, referred to herein as the Church.
Following the year-long protracted litigation, the district court dismissed all three cases on the ground that Plaintiffs had not exhausted their internal Church procedure for relief.
A brief history of the three actions filed by Plaintiffs-Appellants during the year’s litigation is summarized as follows:
Suit No. 21,620 was commenced on February 12, 1959, for the sole and only purpose of requiring the pastor of the Church or the Church’s officers, to call a meeting of the membership because the December, 1958, meeting was illegally called and held without a quorum, in violation of the charter and the non-profit corporation statutes. The trial court held for Plaintiffs-Appellants with a preemptory judgment ordering a meeting of the membership and the election of a Board of Trustees. On two occasions, Plaintiffs-Appellants prevailed by obtaining the larger number of votes cast for their candidates. However, the court did not approve the results of either election.
In the meantime, Defendants-Appellees amended the Church’s charter and adopted by-laws to establish certain administrative and policy changes within the Church. For this reason and for the reason that the then *196 acting Board of Trustees had been declared in the mandamus judgment in Case No. 21,620 to have been illegally elected at the December, 19S8, meeting, Plaintiffs-Appellants brought an injunction suit, No. 21,621, for the purpose of having declared null and void the charter and by-law amendments, and to enjoin the conduct of the Church’s affairs by the Board of Trustees elected in December, 1958. The trial court declared null and void the by-law and charter amendments, but did not enjoin the administration of the Church by the Board of Trustees so elected in December, 1958.
Plaintiffs-Appellants then obtained an order in the mandamus proceedings in Case No. 21,620 for the holding of another membership meeting for the election of the Board of Trustees. Prior to this second meeting and election, Defendants-Appellees expelled from membership Plaintiffs-Appellants, as well as eighty other members, presumably believed to have been in sympathy with the position of the Plaintiffs-Appellants. All were expelled without notice, prior to the conduct of the second meeting and election of Board of Trustees ordered in Case No. 21,620. Defendants-Appellees did not participate in, but boycotted, the second meeting and compelled Plaintiffs-Appellants to conduct the meeting on the sidewalk in front of the Church, and by the use of armed guards, forced the physical separation of the “expelled” members, including Plaintiffs-Appellants, from the Church property. Plaintiffs-Appellants then filed suit No. 21,622 for a restraining order to permit them to attend their Church, and to have declared null and void the expulsion proceedings against them and other members in July, 1959, on the ground that the proceedings had been carried on illegally by those who were not the duly constituted officers of the Church. A restraining order was obtained and Plaintiffs-Appellants did attend Church until December 14, 1959, when the restraining order was dissolved and the preliminary injunction denied, as explained below.
The trial judge in his reasons for judgment in Case No. 21,622, recalling his temporary restraining order and denying the preliminary injunction gave, inter alia, the following reasons:
“The law of this case is the Hiscox Manual mentioned above.
“As to the procedure to be followed in expelling a member the Hiscox Manual does not provide for mandatory ‘notice’. See page 186, paragraph 3.
“However, the Hiscox Manual at page 200 details the rights of an excluded member. Paragraph #1, page 204, reads as follows:
« t * * *
“ ‘He should, after a little time, and when the heat of excitement has died down, make an appeal to the Church for a re-hearing of his case. In doing this he should give his reasons for claiming that he did not have a fair trial, and that he was unjustly judged.
“ ‘If a new hearing should be granted, with the opportunities he claims, then he must submit to the results. If the new hearing should be granted but with similar irregularities as at first, then he is left in the same attitude as at the end of the first trial, if a rehearing be refused them.’
“It is clear that the petitioners have not availed themselves of their rights as outlined in the Hiscox Manual, which is the law of their Church.
“The Court is of the opinion that the plaintiffs have no right to a preliminary injunction.
“The temporary restraining order herein issued on August 14, 1959, and renewed on various dates, will be dissolved and set aside; the rule nisi for a preliminary injunction herein issued on August 14, 1959, will be recalled and dismissed.”
*197 Again, when refusing a rehearing, the trial judge gave further reasons, inter alia, as follows:
“Further, the court notes that the tenets of the Hiscox Manual provide that:
“ ‘The court may interfere to give relief, only so far, however, as to require that the case have a new trial, in which their own established rules and procedures shall be strictly observed.’
“Membership of the Rose Hill Baptist Church is an ecclesiastical matter. Under certain circumstances this court may exercise its jurisdiction, but then-only to order that petitioners be granted a new trial by their Church in which their own established rules and precedents shall be strictly observed.”
Defendants-Appellees contend these were the rules Plaintiffs-Appellants agreed to when they became members of the Church.
In this we cannot agree. When they became members of the Church, an autonomous corporation under the laws of Louisiana, they agreed to and were bound only by the charter and by-laws, and any lawful amendments thereto. Nowhere in the charter is there any reference to His-cox’s Standard Manual for Baptist Churches by Edward T. Pliscox, D.D. Katz v. Singerman, 241 La. 103, 127 So.2d 515.
The lower court improperly admitted the Manual in evidence and erred in invoking it against Plaintiffs-Appellants.
Certainly an expelled member, seeking reinstatement, must first exhaust his Church’s internal laws and procedure, before the Church’s duly constituted officers, but not before officers illegally elected and holding office through an illegal coup d’etat, vi et armis.
Since Plaintiffs-Appellants are asking that a proper election be held under the charter of the association as it existed before its illegal amendment, and that they be restored to membership until expelled properly, they have no other remedy available except through the courts.
For the reasons assigned, the judgment of the lower court in each of these cases is set aside, and the cases remanded to the district court, with instructions forthwith to order a meeting of the entire membership, including all expelled members referred to in these proceedings, for the purpose of electing a Board of Trustees to succeed the present Board; the meeting to be called in accordance with the charter of the corporation prior to its amendment as shown herein, and the appropriate provisions of the non-profit corporation laws (LSA-R.S. 12:101-155) not inconsistent with the provisions of LSA-C.C.P. Arts. 3901, 3902, 3864. Defendants-Appellees are to pay all costs of this appeal, other costs to await the final judgment that may be rendered herein.
Judgments set aside—cases remanded with instructions.