YARRUT, Judge.
These three consolidated cases, now again on appeal, are the same consolidated cases remanded by this Court to the District Court with instructions to proceed with their trial and disposition, as outlined in our opinion and decree and per curiam of April 2, 1962, reported in La.App., 140 So. 2d 194.
The history of this litigation, between contending factions of a church corporation, beginning February 12, 1959, is fully set out in our opinion and decree cited above.
Some Plaintiffs-Appellees are members of the Church, and others are members of the ousted Board of Trustees. Defendants-Appellants are the Church corporation, its Pastor, and members of the challenged Board of Trustees who, it is alleged, are holding and exercising the duties of their office pursuant to an election held under illegal charter amendments.
The Church bears the name of Rose Hill Baptist Church, a religious corporation organized and operating under the nonprofit corporation statutes of Louisiana (LSA-R.S. 12:101-12:155), and was created by public notarial act executed in May 1919.
The cases were originally remanded by this Court to the District Court for two purposes:
1. To pass upon the validity of the amendments to the Church’s corporate charter, adopted during the pendency of the litigation, at a meeting from which 81 qualified members were excluded;
2. To call an election of a Board of Trustees under the provisions of the charter found valid by the District Court; to be held under the supervision of the Court, members entitled to vote therein to include the entire membership, and all expelled members, as provided in LSA-R.S. 12:101-12:155, and LSA-C.C.P. Arts. 3864, 3901, 3902.
Following the remand, the District Court nullified the charter amendments of March 16, 1960 and ordered the election of the Trustees to be held on a fixed date, at *546 the Church building, under the provisions of the original charter of the Church (dated May 30, 1919) limiting the vote to the 264 members listed on Plaintiff’s Exhibit No. 17, excluding those deceased. From these rulings of the District Court, Defendants have taken this appeal, urging the reversal of the District Court for the following errors:
1. The Court was without jurisdiction to hear this matter because it involves an ecclesiastical matter, and Plaintiffs have not exhausted their Church remedies, especially the Hiscox Manual (referred to in our original opinion);
2. In refusing to validate the charter amendments, Art. 6 of which abolishes the Board of Trustees and sets up interim committees appointed by the Church Pastor, who is appointed for life under Art. 5;
3. In holding the charter amendments were adopted at an illegal meeting, since 81 qualified members were excluded, a sufficient number to have defeated the amendments ;
4. In limiting the members entitled to vote to those who were members before these proceedings were instituted, and in excluding all others.
The procedure followed by the present challenged Trustees in amending the charter was not before us on the first appeal, but was called to our attention for the first time in an application for a re-hearing. In a per curiam we included in our remand that the District Court consider and pass upon the legality of the amendments.
The District Court followed our mandate in passing upon the validity of the amendments, declaring they were illegally adopted because of the exclusion and absence of 81 qualified members of a total of 264, under the charter before the illegal amendments.
All issues raised by Defendants-Appellants on this appeal were passed upon in our first opinion and decree; except the validity of the charter amendments. Hence, we will consider only the validity thereof.
Plaintiffs-Appellees not only urge the illegality of the meeting adopting the amendments because of the illegal exclusion of the 81 qualified members, but also because the amendments, in substance, are illegal in giving the Pastor life term and vesting in him all corporate authority, in lieu of a Board of Trustees, all in violation of the state’s non-profit corporation law.
The District Court properly held the amendments were adopted at an illegal meeting because of the exclusion of 81 qualified members. We also find that the amendments are illegal, being in contravention of the non-profit corporation laws of the state. LSA-R.S. 12:117, subds. B and C; LSA-R.S. 12:118, subd. A(l) and (9).
The contention of Defendants-Appellants that all present qualified members should be permitted to vote, and not only those who were qualified before these proceedings were instituted, is not sound. The election should have been held long since, and has been delayed by the legal maneuverings of Defendants-Appellants, who have managed thereby to keep illegal control of the Church’s affairs. The present membership may consist of some who have been improperly admitted to serve the illegal Trustees. For the protection of all members, only those qualified under our original decree, as found by the District Court, are to participate in the called election. At the end of the year, expiring the second Tuesday in January 1964, the Trustees holding office under the called election will have an opportunity to screen and decide who will be entitled to vote at that election for Trustees for the ensuing year.
For the above and foregoing reasons, the judgments of the District Court in these consolidated cases are all affirmed, and the cases remanded to that Court for disposition in accordance with its ruling herein affirmed; all costs up to the present time in both Courts to be paid by Defendants-Appellants.
Affirmed.