351 So.2d 1277 (1977)
Hosea L. HENRY, Chairman, Louise Singleton, Secretary, and Robert Henderson, Member, Macedonia Missionary Baptist Church
v.
Reverend David NEWMAN, Jr.
No. 11529.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
Rehearing Denied November 21, 1977.
*1278 Ralph L. Roy, Baton Rouge, of counsel for plaintiffs-appellants, Hosea L. Henry, Chairman, Louise Singleton, Secretary and Robert Henderson, member, Macedonia Missionary Baptist Church.
Murphy W. Bell, Baton Rouge, of counsel for defendant-appellee, Rev. David Newman, Jr.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
This is a suspensive appeal of a judgment of the Trial Court sustaining an exception of lack of jurisdiction, dismissing plaintiffs' petition and dissolving the Temporary Restraining Order previously issued.
Hosea L. Henry, Louise Singleton, and Robert Henderson, plaintiffs-appellants, filed a petition for an injunction and for an accounting of church funds and property against defendant-appellee, Rev. David Newman, Jr., Pastor of the Macedonia Missionary Baptist Church (Church) located in Baton Rouge, Louisiana. Plaintiffs sought and obtained a temporary restraining order against defendant, restraining and enjoining him from withdrawing funds from the accounts of the Church in two Baton Rouge banks, and from removing pews, benches, furniture and fixtures from the Church's building.
The plaintiffs in their petition complained that defendant, without complying with the Church's rules and regulations and/or the Articles of Incorporation, was changing the Church's location from 1251 Spain Street, Baton Rouge, to the 2800 block of Wyandotte Street, Baton Rouge.
To plaintiffs' petition, defendant filed Exceptions of No Right or Cause of Action, Non-Joinder of Indispensable Parties, Prematurity and Lack of Jurisdiction Over the Subject Matter, along with a Motion to Dissolve the Temporary Restraining Order and a Motion for Attorney Fees and Expenses.
The Trial Court, without written reasons, sustained the Exception of Lack of Jurisdiction of the Subject Matter and dissolved the Restraining Order, but did not rule on the other exceptions or the other motions filed by defendant.
*1279 Plaintiffs perfected an appeal from said judgment and defendant filed an answer to the appeal seeking to amend said judgment to include attorney fees for trial and appellate representation and, as amended, affirmed.
Plaintiffs thereafter filed a motion to dismiss the answer to the appeal filed by defendant on the ground that defendant possessed no right of appeal because no part of the judgment is against defendant and in favor of the plaintiffs, citing C.C.P. Art. 2133.
The exception of jurisdiction is based on the premise that the controversy is purely a church or religious matter and, therefore, under the First and Fourteenth Amendment of the U.S. Constitution, Civil or Secular Courts have no jurisdiction to intrude and decide this controversy.
Plaintiffs on appeal contend that:
"The Trial Judge erred in failing to accept jurisdiction over the subject matter of the issues as averred in plaintiff's petition."
In brief and in argument before this Court, plaintiffs concede that it is "well settled that courts will not deal with spiritual or ecclesiastical matters pertaining to incorporated religious societies . . .," but contend that ". . . it is equally well recognized that courts may and should deal with property rights involving such societies."
While we agree with this contention, a careful review of the pleadings herein reveal that there are no property rights in dispute.
All parties agree that the accounts and other properties listed belong to the Church, an incorporated institution not a party to this litigation. Plaintiffs filed this suit in their individual capacities and not as agents of the Church, even though they did use a title designation after their individual names. Plaintiffs do not claim to be the owners, lessees, or trustees of the listed properties, nor do they, in opposition to the Church, claim to be entitled to the use or possession of said property. Actually, they seek in this suit to prevent the Church from changing its location. The question of where church services are to be held is purely an ecclesiastical decision not subject to review by civil courts. It is a decision solely within the discretion of the governing body of the Church.
Further, church members are not entitled to rely on the incorporation of a church under state laws as the basis for resort to the courts for redress of allegedly violated rights, if these rights require a determination of ecclesiastical matters. See Serbian Eastern Orthodox Diocese For United States of America and Canada et al. v. Milivojevich et al., 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976).
The motion of plaintiffs to dismiss the answer to the appeal filed by defendant is denied. C.C.P. Art. 2133. Though the judgment does not specifically state "the defendant," it is clear that the judgment was in favor of defendant and against the plaintiffs.
As to defendant's claim for attorney fees, besides the procedural deficiency, there is no evidence in the record that the attorney fees have actually been paid, or that an obligation has been incurred to pay such fees. Further, the Trial Court made no adjudication of the value of the attorney's services. Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956). Burglass v. Villere, 170 La. 805, 129 So. 209 (1930). We reserve unto defendant any rights he may have in this regard.
All costs are assessed against plaintiffs.
AFFIRMED.