COLE, Judge.
Appellee, The Macedonia Baptist Foundation, moves to dismiss asserting the appeal is frivolous, it was not timely perfected, and the question presented was previously decided by this court.
The remedy for frivolous appeal is not dismissal but affirmance of the judgment when the appeal is heard and found to be without merit. Diecidue v. Kilpatrick, 86 So.2d 757 (La.App.Orl.Cir.1956). Adequate sanction against the taking of a frivolous appeal is provided for by C.C.P. art. 2164.
This case was heard on the merits September 6, 1977. At the conclusion of the trial oral reasons were given by the trial judge and judgment was rendered. The oral reasons were transcribed and on March 5, 1979, were filed in the record. Appellee then submitted to the court a written judgment which was signed on March 15, 1979. The order granting a de-volutive appeal was entered on March 22, 1979. The appeal is timely. C.C.P. art. 2087. It is unexplained why neither appellants nor appellee sought to expedite formal judgment prior to March, 1979.
This suit was brought by the record owner of certain immovable property bearing the designation of 1251 Spain Street in the city of Baton Rouge. It was formerly utilized as a church. Appellee sought and was granted a permanent injunction enjoining appellants from entering, occupying and holding meetings in the structure and from soliciting funds and contributions in the name of Macedonia Missionary Baptist Church. It is the position of appellee that appellants were, as a matter of church discipline, properly expelled from membership in the Macedonia Missionary Baptist Church and have no right to engage in the activities enjoined.
This is a contest involving the right to use or possess property. Such was not the issue in the prior litigation in which some of the present appellants were parties. In Henry v. Newman, 351 So.2d 1277 (La.App. 1st Cir. 1977), this court stated that there were no property rights in dispute. The issue then presented was whether a civil court has jurisdiction to review an ecclesiastical decision of a church body. We noted that the question of where church services are to be held is purely an ecclesiastical decision not subject to review by civil courts.
The pivotal fact in Henry v. Newman, supra, was the re-location of the Macedonia Missionary Baptist Church from 1251 Spain Street, Baton Rouge, to the 2800 block of Wyandotte Street, Baton Rouge. The plaintiffs in Henry sought an injunction complaining that the change of location was being made without compliance with the Church’s rules, regulations and Articles of Incorporation. Here, in opposition to appel-lee, these same persons (now joined by two other individuals) as defendants claim to be entitled to the use or possession of the property located at 1251 Spain Street, Baton Rouge.
*269 We find no merit in Mover’s contention that the question now presented was previously decided by this court.
MOTION DENIED.