379 So.2d 269 (1979)
The MACEDONIA BAPTIST FOUNDATION
v.
Louise SINGLETON, Hosea Henry, Robert Henderson, Albert Babin and Rev. James Thomas.
No. 12906.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
Murphy W. Bell, Baton Rouge, of counsel, for plaintiff-appellee, Macedonia Baptist Foundation.
Ralph L. Roy, Baton Rouge, of counsel, for defendants-appellants, Louise Singleton, Hosea Henry, Robert Henderson, Albert Babin, and Rev. James Thomas.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
Appellee, The Macedonia Baptist Foundation, is the record owner of property formerly utilized as a church and designated as 1251 Spain Street in the city of Baton Rouge. The issue is whether appellants, as alleged members and deacons of the Macedonia Missionary Baptist Church, Incorporated, were properly enjoined from entering, occupying and holding meetings in the structure and from soliciting funds and contributions in the name of the Church. The Macedonia Missionary Baptist Church, Incorporated, is the ecclesiastical body which vested title to the property in Appellee so *270 that the secular affairs of the membership could be managed apart from matters pertaining to religious doctrine and practice. It is the position of Appellee that Appellants were, as a matter of church discipline, properly expelled from membership in the Macedonia Missionary Baptist Church and have no right to engage in the activities enjoined.
In a related case this court was presented with the issue of whether a civil court has jurisdiction to review the decision of a church body regarding the location of the site where church services are to be conducted. We held that the choice of a site where church services are to be conducted is an ecclesiastical decision not subject to review by civil courts. See Henry v. Newman, 351 So.2d 1277 (La.App. 1st Cir. 1977).
We now hold that the validity of Appellants' excommunication or expulsion from church membership is likewise a matter of ecclesiastical concern over which this civil court has no jurisdiction. Appellants' contention that they have a right to engage in the activities enjoined is based upon their claim to membership in the Church. Since we are without jurisdiction to determine their membership status, and the ecclesiastical decision that Appellants are no longer members of the church has been made, Appellants are without proprietary rights to use church property or use the church name to solicit funds. Serbian Eastern Orthodox Diocese for the United States of America and Canada v. Milivojevich, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976).
Appellants argue that since the Macedonia Missionary Baptist Church is a non-profit corporation they could not be expelled by the Church without full compliance with the corporation statutes. This argument was answered in Henry, supra, at p. 1279:
Further, church members are not entitled to rely on the incorporation of a church under state laws as the basis for resort to the courts for redress of allegedly violated rights, if these rights require a determination of ecclesiastical matters.
And, in Serbian, supra, at 709, 96 S.Ct. at 2380-2381, the court quoted with approval from its 1969 decision of Presbyterian Church v. Hull Church, 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658, as follows:
First Amendment values are plainly jeopardized when church property litigation is made to turn on the resolution by civil courts of controversies over religious doctrine and practice. If civil courts undertake to resolve such controversies in order to adjudicate the property dispute, the hazards are ever present of inhibiting the free development of religious doctrine and of implicating secular interests in matters of purely ecclesiastical concern.... [T]he [First] Amendment therefore commands civil courts to decide church property disputes without resolving underlying controversies over religious doctrine.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by Appellants.
AFFIRMED.