393 So.2d 195 (1980)
Herman WILKERSON, Appearing Individually and in his Capacity as a Duly Elected Member and President of the Board of Directors of the St. Peter's Baptist Church of Iberville,
v.
Arthur BATTISTE, Sr. et al.
No. 13764.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Rehearing Denied January 26, 1981.
Milton Osborne of Osborne & Richard, Plaquemine, for plaintiff-appellant Herman Wilkerson.
Arthur Neal Begwell, White Castle, for defendants-appellees Arthur Battiste, Sr., Walter Ben, Sr., Horace James, Oscar Moton, John A. Smith, Henry Sterling, Leonard Phillip, and Reverend Theodore Scott.
*196 Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This suit for a writ of quo warranto is before us on the narrow question of whether the civil courts of this state have subject matter jurisdiction over the election of board members and the appointment of a minister of a nonprofit religious corporation. The trial court dismissed the suit by sustaining exceptions of lack of subject matter jurisdiction and no right of action. The plaintiff brings this appeal.
The plaintiff, Herman Wilkerson, appearing individually and in his capacity as a duly elected member and alleged president of the board of directors of the St. Peter's Baptist Church of Iberville, alleges that he and six other church members were elected to the board of directors of the St. Peter's Church on January 14, 1980, the date set by the articles of incorporation for election of board members. The plaintiff further claims that a second, illegal election was held on February 27, 1980, at which time the other six board members and a seventh personall of whom are named defendantswere elected to the board of directors. The seven board member-defendants who allegedly hold their seats by virtue of an illegal election are Arthur Battiste, Sr., Walter Ben, Sr., Horace James, Oscar Moton, John A. Smith, Henry Sterling and Leonard Phillip.
The plaintiff also filed suit against the Rev. Theodore Scott, who he claims was illegally appointed to the position of interim or assistant pastor by the board of directors which was illegally elected on February 27, 1980. The plaintiff seeks a writ of quo warranto directing the defendant board members to show cause by what authority they claim to be members of the board, as well as a writ of quo warranto directed to the Rev. Scott to show cause by what authority he claims to be the interim pastor. La.C.C.P. art. 3901.
All defendants including Rev. Scott filed an exception of lack of jurisdiction over the subject matter (La.C.C.P. art. 925), contending that the matters raised in the plaintiff's petition were purely ecclesiastical and therefore not subject to the jurisdiction of the civil or secular courts. The First and Fourteenth Amendments of the United States Constitution and Article 1, Section 8 of the Louisiana Constitution of 1974 are cited as authority. Additionally, defendant Scott filed an exception of no right of action (La.C.C.P. art. 927) contending that the plaintiff was not personally claiming the office of interim pastor and therefore had no right of action for a writ of quo warranto. The trial judge sustained both exceptions but limited the exception of lack of subject matter jurisdiction to the Rev. Scott and five of the board members who were represented by an attorney at the hearing. The status of the other two board members in regard to this exception is not before us on appeal, and this opinion will be limited to the defendants Arthur Battiste, Sr., Walter Ben, Sr., Horace James, Oscar Moton, Leonard Phillip and the Rev. Scott.
The St. Peter's Baptist Church of Iberville was organized in 1898 under a charter filed in the public records of Iberville Parish. The charter calls for the affairs of the corporation to be controlled by a board of seven directors to be elected on the second Monday night in January of each year. A copy of the church's charter was filed in the record.
The trial court's finding that the election of members to a board of directors of a nonprofit religious corporation is an ecclesiastical matter not subject to the jurisdiction of the civil courts of this state must be reversed. It is true that the United States Constitution and the Louisiana Constitution, as interpreted by our courts, prohibit civil courts from interfering in the ecclesiastical matters of a religious group. These are matters concerning religious discipline, faith, rule, custom or law which have constitutionally been left for the religious bodies themselves to decide. The Serbian Eastern Orthodox Diocese for the United States of America and Canada, et al. v. Milivojevich, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); Katz v. Singerman, *197 241 La. 103, 127 So.2d 515 (1961); Macedonia Baptist Foundation v. Singleton, 379 So.2d 269 (La.App. 1st Cir. 1979); and Henry v. Newman, 351 So.2d 1277 (La.App. 1st Cir. 1977). However, when a nonprofit religious corporation has established itself by a charter and has provided in the charter the time and method of electing its board of directors, the issue as to whether or not the board of directors has been validly elected according to the charter is a question cognizable by the civil courts of this state. Nelson v. Ellis, 140 So.2d 194 (La.App. 4th Cir. 1962); Nelson v. Ellis, 151 So.2d 544 (La. App. 4th Cir. 1963); see also Rock Zion Baptist Church v. Johnson, 47 So.2d 397 (La.App. 1st Cir. 1950). The procedural niceties attending the election of a board of directors for a nonprofit religious corporation have nothing to do with religious law, custom or policy and are not ecclesiastical matters within the exclusive domain of a particular religious group. A church member who claims that the board of directors was not elected according to the procedure set forth in the charter has a right to have his claim heard by a civil court in this state.
Appellees also contend that the St. Peter's Baptist Church has a method of deciding differences among its members rather than using the civil courts. Specific reference is made to the New Directory for Baptist Churches, by E. T. Hiscox, an ecclesiastical manual for use by Baptist churches which provides a procedure for settling differences. There is no evidence in the record that St. Peter's subscribes to this manual, nor that this manual covers the issue involved in this case. The only time the Hiscox manual is mentioned in the trial court is in appellee's argument. The oral argument of counsel is not evidence.
We must hold, however, that the trial court correctly sustained the exception of lack of subject matter jurisdiction as it related to the appointment of the Rev. Scott. The appointment of a minister is a purely ecclesiastical matter which should not be subject to review by a civil or secular court. Whether the board which appointed the Rev. Scott was legally constituted is not being decided in this opinion and is not relevant to our determination that the appointment of a minister is an ecclesiastical matter beyond our purview. The question of who should hold the position of interim pastor of a church is properly left to the members and governing body of the church. If the governing body is not legally constituted, the remedy of those who would have the pastor removed is a suit to have the board elected as provided by the charter.
Having decided that the exception of lack of subject matter jurisdiction is valid as to the Rev. Scott, we need not decide whether the trial court correctly upheld the exception of no right of action as to him.
Therefore, for the above and foregoing reasons, the decision of the trial court sustaining the exception of lack of subject matter jurisdiction as it relates to the defendant board members is reversed. The decision sustaining the exception of lack of subject matter jurisdiction as it pertains to Rev. Scott is affirmed. This case is remanded for proceedings consistent with the views expressed hereinabove, with costs to be assessed at the outcome of this proceeding.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.