CARTER, Judge:
This litigation is before us on a “Motion to Dismiss for Failure to Join Indispensable Party” filed by defendant-appellee Rev. Gordon G. Craig.
The appeal in this case is from a judgment sustaining a declinatory exception of lack of jurisdiction over the subject matter of the action. Arguments were heard on this exception and on December 23, 1981, judgment was rendered sustaining the exception dismissing plaintiffs’ suit at their costs. On December 23, 1981, a motion and order for a devolutive appeal was filed and signed returnable to the First Circuit Court of Appeal on March 23, 1982. On April 26, 1982, defendant-appellee filed a “Motion to Dismiss for Failure to Join Indispensable Party”. In pursuant thereto, a rule to show cause was issued to the parties to show cause by briefs why the appeal should or should not be dismissed.
Plaintiffs-appellants filed suit against Rev. Gordon G. Craig seeking to have certain provisions of the Articles of Incorporation of Fellowship Missionary Baptist Church of Denham Street declared illegal, null and void, and further seeking a temporary restraining order and preliminary injunction prohibiting defendant-appellee Rev. Craig from disposing of church property, dissolving the church and interfering with the Board of Deacons. Finding the controversy to be purely a religious matter, the trial court sustained the defendant’s exception to jurisdiction and dismissed the case. Defendant filed the instant pleading and though styled “Motion to Dismiss for Failure to Join Indispensable Party”, it is in reality, a peremptory exception of nonjoin-der of indispensable party filed for the first time at the appellate level.
La.Code Civ.P. art. 927 clearly provides that the exception of nonjoinder of an indispensable party is a peremptory exception. La.Code Civ.P. art. 2163 provides that the appellate court may consider a peremptory exception filed for the first time in that court if pleaded prior to submission of the case for decision and if proof of the ground of the exception appears of record.
Peremptory exceptions filed initially on appeal are generally (although not required by law) determined in the opinion on the merits of the case and not by motion to dismiss. See e.g. Whittington v. Hopfensitz, 321 So.2d 836 (La.App. 1st Cir. 1975). Whether or not the exception is considered on a motion to dismiss, on the merits of the case on appeal, or remanded to the trial court for determination is within the discretion of the appellate court. La.Code Civ.P. art. 2163. Therefore, we deem it appropriate in the instant case to address the peremptory exception of nonjoinder of an indispensable party on the merits of the case on appeal.
Since the peremptory exception of nonjoinder of an indispensable party will be addressed on the merits of the case on *502 appeal, the motion to dismiss the appeal is denied and costs will be assessed on final disposition of the case.
MOTION TO DISMISS DENIED.