424 So.2d 1090 (1982)
Maxime THOMAS, et al.
v.
Rev. Gordon G. CRAIG.
No. 82 CA 0118.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Milton Osborne, Jr., Baton Rouge, for plaintiffs-appellants Maxime Thomas, et al.
Charles R. Moore, Baton Rouge, for defendant-appellee Rev. Gordon G. Craig.
Before PONDER, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
Maxime Thomas, David Alexander, Charles Brooks, and Melton Dotson, III, individually *1091 and in their capacities as members of the Board of Deacons of the Fellowship Missionary Baptist Church of Denham Street, filed suit against Reverend Gordon G. Craig, individually and in his capacity as Pastor of said Church. Plaintiffs claimed that: (1) the provisions of the Articles of Incorporation are in contravention of Louisiana's nonprofit corporation laws, the Louisiana Constitution, the United States Constitution, and the laws of the United States; and (2) the Pastor's action declaring all offices of the Church vacated is in contravention of Louisiana's nonprofit corporation laws. In these respects, plaintiffs prayed: (1) that the Articles of Incorporation be declared null and void; (2) that the Pastor be enjoined from selling, encumbering and disposing of Church property, dissolving the Church, and intervening in any manner with the Board of Deacons' effort to govern the secular affairs of the Church; (3) for an accounting of the Church monies and funds; and (4) for reasonable attorney's fees. In accordance therewith, the trial court issued the requested temporary restraining order.
Defendant filed a declinatory exception of lack of subject matter jurisdiction. Subsequently, he filed an exception of lack of capacity and no right of action. A hearing was had on the exception of subject matter jurisdiction. This exception was sustained and the suit dismissed at plaintiffs' costs. From this ruling, plaintiffs took a devolutive appeal.
In response to plaintiffs' appeal, defendant filed a motion to dismiss for failure to join an indispensable party. Pursuant thereto, this court issued to the parties a rule to show cause why the appeal should or should not be dismissed. This court determined that the motion was, in fact, a peremptory exception of nonjoinder of an indispensable party filed for the first time on appeal. As such, and under the provisions of the Code of Civil Procedure, the court held that the exception should be addressed on the merits of the case on appeal and denied the motion to dismiss. Maxime Thomas, et al v. Rev. Gordon G. Craig, 417 So.2d 500 (La.App. 1st Cir.1982).
As a result of the foregoing, two issues are raised on appeal: (1) the power of the court to hear and determine plaintiffs' claim, and (2) the peremptory exception of nonjoinder of an indispensable party.
The First Amendment of the United States Constitution and Article I, Section 4 of the Louisiana Constitution prohibit courts from interfering in ecclesiastical matters of religious groups. The Serbian Eastern Orthodox Diocese for the United States of America and Canada, et al. v. Milivojevich, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); Katz v. Singerman, 241 La. 103, 127 So.2d 515 (1961); Wilkerson v. Battiste, 393 So.2d 195 (La.App. 1st Cir. 1980). These matters include religious discipline, faith, rules, custom or law and, constitutionally, have been left for the religious bodies to decide. Id. Conversely, courts may decide controversies relating to church disputes over property administration and policy wherein the dispute can be resolved without the court becoming involved in controversies concerning religious practice and doctrine. The Serbian Eastern Orthodox Diocese for the United States of America and Canada, supra; Bourgeois v. Landrum, 396 So.2d 1275 (La.1981). No allegation set forth in plaintiffs' petition requires the court to resolve any underlying controversy over religious doctrine. Therefore, proper judicial function in such case presents no hazard to the free development of religious doctrine or of implicating secular interests in the matters of pure ecclesiastical concern. Bourgeois, supra. Accordingly, the judgment dismissing plaintiffs' action for lack of subject matter jurisdiction should be vacated and set aside.
C.C.P. Art. 641 defines indispensable parties as those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. Further, it states that no adjudication of an action can be made unless all indispensable parties are joined therein.
*1092 Plaintiffs seek to have the court determine the constitutionality of the Articles of Incorporation of the Fellowship Missionary Baptist Church of Denham Street. Such an adjudication will determine the very existence or non-existence of the Church as a Louisiana nonprofit corporation. Thus, any judgment rendered on this issue would so directly affect the interests of the Church that the Church must be joined therein in order for the court to be able to render a complete and equitable judgment.
C.C.P. Art. 934 provides that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. In accordance therewith, this case should be remanded to allow the plaintiffs to amend their petition to join the indispensable party within the time allowed by the trial court.
For the above and foregoing reasons, the judgment of the trial court sustaining the exception of lack of subject matter jurisdiction is reversed and the matter is remanded for action in accordance with the views expressed herein. Assessment of costs is deferred pending a final decision herein.
REVERSED AND REMANDED.