ON MOTION TO DISMISS APPEAL
GROVER L. COVINGTON, Judge.
The issue before the court is whether this appeal should be dismissed as frivolous, and whether appellee is entitled to damages for a frivolous appeal.
This matter was previously before this court and was remanded for a determination of whether the appellee was totally or permanently disabled. Shatoska v. International Grain Transfer, Inc., 430 So.2d 1255 (La.App. 1st Cir.1983). The instant appeal was taken from the trial court’s determination that the appellee was totally disabled.
Appellee filed an answer to the appeal on June 7, 1984, in which he asked for damages for the alleged frivolous appeal; on the next day, he filed a motion to dismiss the appeal as being frivolous.
The remedy for a frivolous appeal is not dismissal, but affirmance of the judgment when the appeal is heard and found to be without merit. Macedonia Baptist Foundation v. Singleton, 379 So.2d 267 (La.App. 1st Cir.1979). Adequate sanctions against the taking of a frivolous appeal are provided by law. See La.C.C.P. art. 2164.
MOTION DENIED.