521 So.2d 449 (1988)
Owen McMANUS
v.
Terrell TAYLOR, J. Newby Thompson, Church of God of Louisiana, Inc., and Church of God of Cleveland, Tennessee.
No. 88-C-0011.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
*450 Richard A. Tonry, J.D., Law Offices of Richard A. Tonry, Chalmette, Bruce G. Reed, J.D., Reed & Reed, New Orleans, for plaintiff-respondent.
Sidney J. Hardy, Elise M. Beauchamp, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for defendants-applicants.
T. Allen Usry, Robert S. McCullough, Usry & Weeks, Metairie, for defendants-relators.
Before SCHOTT, GARRISON and BARRY, JJ.
SCHOTT, Judge.
This is a suit for damages by a former minister of the Church of God against church organizations and officials based upon alleged defamation and alleged breach of quasi contract. As to the first claim, the trial court overruled defendants' exception of lack of subject matter jurisdiction and as to the second the court denied defendants' motion for summary judgment. We granted certiorari in order to consider the validity of the trial court's judgment. The principal issue is whether the court has jurisdiction over an ostensible defamation suit whose pleadings reveal that the actual claim is over the administration of church rules by the governing bodies of the church.
Plaintiff's lengthy petition alleges the following: He was an ordained minister of the Church of God from 1946 until his resignation on January 1, 1979. In January, 1977 he disciplined certain members of his congregation who appealed his decision to defendant, Terrel Taylor as the State Overseer of the Church. On February 9 Taylor affirmed plaintiff's disciplinary decision. The foregoing procedure was all in accordance with the "minutes" of the General Assembly of the Church of God which contains all the rules, regulations, teachings and procedures for governing the church. The disciplined members of plaintiff's congregation were subsequently accepted for full membership in a neighboring congregation in violation of Taylor's decision, and in January, 1978 plaintiff confronted Taylor with the situation. When Taylor declined to support plaintiff on the matter, plaintiff appealed to the leadership of the National Organization of the Church of God charging Taylor with violating the "minutes" of the Church by 1) failing to deal with a minister of a neighboring church who was interfering with members of plaintiff's church and 2) permitting eighty members of plaintiff's congregation to withdraw without following the procedure set out in the "minutes". Plaintiff scheduled a meeting with an official of the National Organization of the Church of God, also a defendant, in order to obtain relief from the treatment accorded him by State Overseer Taylor but the official failed to appear at the meeting. The members of plaintiff's congregation unanimously voted to protest these violations of the "minutes" by withholding monetary payments or "tythes" to the National Church Organization; whereupon the defendants caused plaintiff to be "boycotted" at a national meeting of the Church and removed him from the position of District Overseer and from a place on the Editorial and Publishing Board of the Church of God.
In Serbian Eastern Orthodox Diocese, Etc. v. Milivojevich, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976) the United States Supreme Court considered a dispute over a diocese of the Serbian Orthodox Church and the removal of a Bishop from the diocese. The Illinois Supreme Court had held that the decisions of church governing authorities were arbitrary because they were not consistent with the church's own laws and procedures. Reversing, the Supreme Court held:
In short, the First and Fourteenth Amendments permit hierarchichal religious oganizations to establish their own rules and regulations for internal discipline and government, and to create tribunals for adjudicating disputes over *451 these matters. When this choice is exercised and ecclesiastical tribunals are created to decide disputes over the government and direction of subordinate bodies, the Constitution requires that civil courts accept their decisions as binding upon them.
In Joiner v. Weeks, 383 So.2d 101 (La. App.3rd Cir.1980), writ denied 385 So.2d 257 (La.1980) the court dismissed a defamation case by a former minister against church officials who recommended that he be removed from the ministry. Noting that the Supreme Court in the Milivojevich case had declared it an impermissible violation of the First Amendment for civil courts to investigate the propriety of ecclesiastical proceedings in disciplinary matters, the Joiner court observed:
It would be ludicrous to believe that the constitutional principles upheld by the United States Supreme Court in Milivojevich could be satisfied by allowing this intrusion into the disciplinary proceedings of an ecclesiastical board. To allow defamation suits to be litigated to the fullest extent against members of a religious board who are merely discharging the duty which has been entrusted to them by their church could have a potentially chilling effect on the performance of those duties ...
The present case is indistinguishable. Plaintiff would have our courts investigate the propriety of proceedings conducted by his church in the interpretation and application of church rules. He would subject his church authorities to a defamation case based upon the performance of their duties in the administration of their church. See also La. District Council v. Victory Temple Assembly, 444 So.2d 640 (La.App. 5th Cir.1983), writ denied 449 So.2d 1343 (La. 1984); United Pentecostal Church Intern. v. Sanderson, 391 So.2d 1293 (La.App.2d Cir.1980), writ denied 395 So.2d 682 (La. 1981). Accordingly, we have concluded that the exception of lack of jurisdiction over the subject matter was erroneously overruled.
As to plaintiff's claim for damages for breach of quasi contract with defendants, he alleges that defendants are indebted to him to remunerate him for his labor, expertise and services in the construction of improvements on the property at 8358 Lake Forest Blvd. in the sum of $100,000. In their answer defendants denied this allegation. In support of their motion for summary judgment as to this claim defendants filed only an unverified "Statement of Material Undisputed Facts" which includes statements that plaintiff was pastor of the Lake Forest Cathedral Church of God from 1953 until 1979 and that any construction work he did on the church property was performed while he was pastor.
A summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions and affidavits show there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The record contains no depositions or affidavits. Even if the statement of material facts had been in affidavit form it does not negate factual issues. The court cannot infer that the construction work plaintiff allegedly did while he was pastor was among the duties he owed as pastor so that he is not entitled to be compensated for his work. Thus, the trial court correctly overruled defendants' motion for summary judgment.
Accordingly, that portion of the judgment overruling defendants' exception of lack of jurisdiction over the subject matter is reversed, the exception is sustained, and plaintiff's claim for damages for defamation is dismissed. That portion of the judgment denying defendants' motion for summary judgment with respect to plaintiff's claim based on quasi contract is affirmed. Costs attributable to defendants' application for writs are assessed against plaintiff. Other costs are to await the outcome of the case. The case is remanded to the trial court for further proceedings on plaintiff's quasi contract claim.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.