527 So.2d 357 (1988)
Christopher H. BOUZON
v.
Christine Penning BOUZON.
No. 87-CA-903.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
Rehearing Denied July 15, 1988.
Robert C. Lowe, Edith H. Morris, Lowe, Stein, Hoffman & Allweiss, New Orleans, for plaintiff-appellee.
D. Douglas Howard, Jr., Leslie A. Bonin, New Orleans, for defendant-appellant.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
KLIEBERT, Judge.
The plaintiff husband, Christopher H. Bouzon, was granted a judgment of divorce based on living separate and apart from the defendant wife continuously for more than a year. The defendant wife, Christine P. Bouzon, appealed and contends the trial court erred in denying her motion for a continuance and proceeding with the case in the absence of her counsel. The husband has filed a motion to dismiss the appeal as frivolous and requests damages and attorney fees. For the reasons which follow we affirm the judgment of the trial court.
The parties were married on November 20, 1982 and established a matrimonial domicile in Plaquemines Parish. No children were born of the marriage. A judgment of separation was rendered in Orleans Parish on December 12, 1986 and the wife was awarded alimony pendente lite. The husband filed a petition for divorce in Jefferson Parish on January 8, 1987, alleging the parties had lived separate and apart, without reconciliation, since December of 1985. The wife sought and was granted an additional thirty days within *358 which to file responsive pleadings, and on the thirtieth day filed an exception of vagueness. In response the husband filed a rule for attorney fees and costs incurred in defending the exception on the grounds the exception was ill founded and intended solely to delay the divorce proceedings. Thereafter, on May 13, 1987, the trial court dismissed both the exception and the rule for attorney fees after the wife agreed to file an answer to the divorce petition within five days. The wife filed an answer and a rule for permanent alimony.
The petition for divorce and the alimony rule were set for August 24, 1987. A rule to recover personal property was filed by the husband and set for the same date. The wife later withdrew her alimony rule. On August 19, 1987 counsel for the wife filed a motion for a continuance on the grounds he was to appear before the First Circuit as an appellee on August 24. Counsel for the husband opposed a continuance and, after a hearing on the issue on August 20, the trial judge refused to grant the continuance. The hearing apparently took place in chambers, as the record contains neither a minute entry nor a transcript. According to the wife, a continuance was denied because the issues were simple and the request belated. According to the husband, the court's refusal to grant the continuance was due to the wife's previous delay tactics and the lack of a defense to the divorce petition.
The wife applied to this court for writs of certiorari, review and mandamus and an emergency stay order on August 21, 1987, seeking therein an order directing the trial court to continue the hearing. We denied the request the same day. See writ application No. 87-C-587. The wife applied to the supreme court for a writ of review and mandamus on August 24; the writ was denied the same day. 510 So.2d 1259.
When counsel for the husband (Morris) appeared for trial on August 24th, 1987, counsel for the wife (Howard) was not present. The trial judge ordered that "the record reflect that Mrs. Bouzon is present in court, but chose not to testify or participate in the proceedings upon instructions of her attorney, who is Mr. Howard." The judge proceeded to hear testimony from the husband and his sister stating the parties had lived separate and apart continuously and without reconciliation since December 1985. Based on this testimony the trial judge decreed a divorce a vinculo matrimonii.
On the appeal, counsel for the wife makes no effort to present a defense to the merits of the divorce. Instead, he merely reinterates the same arguments he made on the writ application as to why the trial court erred in failing to grant the continuance and then, without any effort to show the wife was prejudiced by the conduct of the hearing in his absence, urges a reversal of the divorce judgment because the wife was unrepresented at the time the divorce judgment was granted.
In the absence of palpable error (counsel for the wife shows none here) the rulings on the writ application involving the continuance constitutes the law of the case and hence is no longer open to argument. Day v. Campbell-Grosjean Roofing & Sheet Metal Corporation, 256 So.2d 105 (La. 1971); Freeman v. Insurance Company of North America, 444 So.2d 793 (3rd Cir. 1984). Moreover, by counsel's own admission, he works with an associate whom he elected to take to Baton Rouge to a court of appeal hearing rather than have her appear in his place.
The only issue addressed at the trial court hearing was whether the parties lived separate and apart for one year or more. The only possible defense was reconciliation. The wife did not plead this defense, nor does counsel contend she would or could offer testimony to establish a reconciliation took place. The only "prejudice" suffered by the wife was that her right to alimony pendente lite was extinguished when the judgment of divorce became final. The judgment did not address the property issues involved in this case. Counsel for the husband contends in his brief that counsel for the wife knew this would not be tried on that day. In our view, therefore, the prime purpose of the appeal was to continue alimony pendente lite payments.
*359 Appellee in brief and in a motion to dismiss the appeal urges us to find the appeal frivolous and award damages and attorney fees under La.C.C.P. art. 2164, which provides:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
Upon proper application, this court has not hesitated to award damages for frivolous appeals in domestic cases where the record reflects the wife appealed for the sole purpose of continuing eligibility for alimony pendente lite. See Schnatz v. Schnatz, 501 So.2d 318 (5th Cir.1987) writ denied 504 So.2d 877. The appeal taken in the present case is frivolous and hence an assessment for damages and attorney fees is warranted, as was done in Roland v. Roland, 519 So.2d 1177 (1st Cir.1987). However, for us to make such an award the party entitled to it must have appealed or answered the appellant's appeal. Arnoult v. Arnoult, 498 So.2d 749 (La.1986); Hilbun v. Hilbun, 498 So.2d 1127 (3rd Cir.1986); Bush v. Lee, 443 So.2d 702 (5th Cir.1983) writ denied 446 So.2d 321 (La.1984); Cheramie v. Vegas, 413 So.2d 1343 (1st Cir.1982) writ denied 470 So.2d 122 (La.1985). A motion to dismiss an appeal cannot be based on the ground that the appeal is frivolous. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956); Shatoska v. International Grain Transfer, 471 So.2d 725 (1st Cir.1984); Prosperity Park, Inc. v. Barton, 404 So.2d 1307 (2nd Cir.1981).
Accordingly, we deny the motion to dismiss the appeal and affirm the judgment of the trial court. The appellant is cast for all costs of the appeal.
MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED.