818 So.2d 900 (2002)
Agnes WILLIAMS
v.
Michael L. WILLIAMS.
No. 2000 CA 2262.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
*901 David L. Dawson, Jr., Baton Rouge, for Plaintiff-Appellee Agnes Williams.
Thomas C. Delahaye, Plaquemine, for Defendant-Appellant Michael L. Williams.
Before: FOIL, FOGG and PETTIGREW, JJ., and WILLIAM F. KLINE, JR. and PHILIP C. CIACCIO, JJ., Pro Tem.[1]
PETTIGREW, Judge.
Michael L. Williams appeals the trial court's judgment revoking a donation made to him by his mother, Agnes Williams. For the following reasons, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
On September 6, 1991, Agnes Williams executed a donation whereby she gave her son, Michael L. Williams, a four-acre tract of land designated as Lot 5 of the "Agnes Williams Property" located in Iberville Parish. In November of 1994, Ms. Williams made a formal demand on Michael for the return of the property, noting that it was never intended that he retain ownership of the property in question and that said property was transferred to him solely as collateral to obtain financial assistance. On June 25, 1996, Ms. Williams filed a petition seeking revocation of the donation. Ms. Williams urged that Michael was guilty of cruel treatment and ingratitude toward her and that even after formal demand was made on Michael for return of the property, he had refused to do so.[2] A Notice of Lis Pendens was also filed on June 25, 1996, and recorded in Conveyance Book 488 at Entry 218. A copy of the Notice of Lis Pendens was attached to the petition, and service was requested on Michael.
On July 12, 1996, Michael filed an answer, generally denying the allegations of the petition. Shortly before the trial of this matter, Michael filed a peremptory exception alleging that an indispensable party, the person to whom he had sold the property in question, had not been named as a party to the suit. According to the record, this exception was heard on April 24, 2000, and denied by the trial court.[3]
The matter proceeded to trial on April 27, 2000, at which time evidence was presented to the trial court regarding the act of donation, the terms of the donation, and Michael's alleged cruel treatment and acts of ingratitude toward his mother. After Ms. Williams presented her case to the trial court, defense counsel filed a peremptory *902 exception raising the objection of prescription. The exception was granted as it related to certain issues, including claims that Michael had: 1) cursed his mother; 2) argued with his mother; 3) attempted to block the roadway belonging to his mother; 4) failed to return property belonging to his mother; and 5) called the police on his mother. With regard to the claim that Michael had failed to communicate with his mother, the objection of prescription was denied. The trial court concluded that Michael's failure to communicate with his mother constituted a continuing act of ingratitude sufficient to warrant the revocation of the donation and ordered that the property in question be returned to Ms. Williams. A judgment in accordance with the court's findings was signed on May 30, 2000. It is from this judgment that Michael has appealed, assigning the following specifications of error:
1. The District Court erred in finding that the purchaser of the property from Michael L. Williams is not a party that is needed for just adjudication.
2. The District Court erred in finding that Agnes Williams brought her claim to revoke a donation inter vivos for ingratitude within the one year prescriptive period.
3. The District Court erred in finding that Michael L. Williams' failure to communicate with Agnes Williams under the facts and circumstances of this case, constituted the cruel treatment or grievous injury required to revoke an [sic] donation inter vivos for ingratitude.

FAILURE TO JOIN AN INDISPENSABLE PARTY
We note that the issue addressed in assignment of error number one is not properly before us for review. The instant appeal was taken from the judgment signed on May 30, 2000, a judgment that overruled the prescription exception, revoked the previous donation from Ms. Williams to Michael, and ordered Michael to return "the bed and $1,300.00 in cash" to his mother. The peremptory exception raising the objection of nonjoinder of an indispensable party was heard and denied by the trial court on April 24, 2000, a decision that was apparently never appealed. Nonetheless, it is well settled that the failure to join an indispensable party may be noticed by an appellate court on its own motion. La.Code Civ. P. arts. 645, 927. Thus, we will consider the issue of whether the party who purchased the subject property from Michael was an indispensable party to these proceedings.
The joinder of parties needed for just adjudication is addressed in La.Code Civ. P. art. 641, which provides as follows:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
As previously indicated, while the suit for revocation of the donation was pending against Michael, he sold the property in question to a third party, namely, Charles Legard. In her suit for revocation, Ms. Williams sought return of the subject property based on Michael's cruel treatment and ingratitude toward her. As owner of the property in question, Mr. Legard had an interest in the subject matter of the action, adjudication of which in his absence would practically impair or *903 impede his ability to protect his interest. Clearly, by not joining Mr. Legard in the instant litigation, his ability to protect his interest in the subject property was impeded. A judgment was ultimately rendered in favor of Ms. Williams wherein the donation was vacated and set aside, and Michael was ordered to return the subject property to his mother, property that he no longer owned. Accordingly, we conclude that Mr. Legard should have been joined as a party to this proceeding, and failure to do so warrants reversal and remand. Having determined that Mr. Legard was an indispensable party whose joinder was necessary for the complete and equitable adjudication of this matter, we pretermit discussion of the remaining issues raised by Michael on appeal.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against plaintiff-appellee, Agnes Williams.
REVERSED AND REMANDED.
NOTES
[1] Judge William F. Kline, Jr., retired, and Judge Philip C. Ciaccio, retired, are serving as judges pro tempore by special appointment of the Louisiana Supreme Court.
[2] Also included in Ms. Williams' petition was a request that Michael pay his mother $1,300.00, the outstanding balance of a $4,700.00 loan that had previously been executed between the two, and that Michael return a bed belonging to his mother that was in his possession. These matters were stipulated to at trial, were included in the judgment signed on May 30, 2000, and are not at issue in this appeal.
[3] The record does not contain a written judgment denying this exception. However, at the beginning of the trial on the merits on April 27, 2000, the trial court noted that it had previously considered this issue and denied the exception at a hearing on April 24, 2000.