DEDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Mohammad Tufail, Cookery N’Orleans Style, Ltd., and New Orleans Cooking, L.L.C., defendants-appellants, from a judgment on a promissory note and lease in favor of Herbert C. Wellman, Jr. and Craig E. Collier, plaintiffs-appellees. Because we find that appellants’ peremptory exception of nonjoin-der of a party under Code Civ. Pro. Arts. 641 and 642 was improperly denied, we vacate the judgment and remand the matter for further proceedings.
The facts are as follows. In 1999 Well-man and Collier were owners of the stock of Cookery N’Orleans Style, Ltd. (N.O. Style), a shop located in the French Quarter and leased from the French Market Corporation (FMC), an entity created by the New Orleans City Council to manage and administer the city owned French Market. Wellman and Collier advertised for sale of the business and Tufail responded. During the negotiations the owners had reservations as to whether their lease with the FMC was transferable, and a representative of 'the FMC was 13contacted. The FMC took the position that any change of ownership or management of the company would void the lease, and so informed the parties.
Tufail’s attorney at the time was of the contrary opinion that the lease only prohibited transfer of the lease to another entity, but did not prohibit sale of the stock of the company occupying the premises, i.e. N.O. Style. An agreement entitled “Management Agreement with Agreement to Purchase Stock” was confected whereby Tufail would assume management of the business until such time as certain unrelated problems with the title of N.O. Style as it appeared on the lease were corrected. This agreement became effective on May 1, 1999, and after the lease was corrected Tufail purchased all of the stock on June 1, 1999, for some $100,000 down and a promissory note f for an additional $115,000. The note .provided inter alia that if the agreement was breached, then , the stock would revert to Wellman and Collier. It was also understood between the parties that the assets of the business were about $25,000 in merchandise and the remaining value in the lease.
It appears that the FMC, after being alerted to a potential change in ownership by the parties’ inquiries, sought to determine the exact status of the business be *108 fore agreeing to the changes sought in the title of the business as it appeared on the lease. On May 19, 1999, almost three weeks after the parties had signed the Management Agreement authorizing Tu-fail to manage the business, Collier sent an affidavit to the FMC stating that there had been no change in “the ownership or management” of N.O. Style. Thus reassured, the FMC allowed the changes to the lease.
Tufail duly took over the business. Then, on November 23, 1999, the FMC, having become aware of the changes in management and ownership, sent a letter stating that N.O. Style was in violation of the lease, and requested that the violation be corrected. Wellman and Collier responded by filing suit in Orleans Parish | ¿basically seeking a declaratory judgment as to whether the sale of stock violated the lease. It appears that that suit was eventually dismissed on the FMC’s exception of no cause of action. However, while that action was pending, Tufail began negotiating with the FMC about his situation. He decided to transfer the assets of N.O. Style to a new entity which he called New Orleans Cooking, L.L.C. (N.O. Cooking), and the FMC agreed to issue a new lease of the N.O. Style premises to this new company.
Wellman and Collier then sued Tufail, N.O. Style, and N.O. Cooking in Jefferson Parish alleging that Tufail had failed to pay the note promptly and demanding accelerated payment of the entire amount due. They filed a second suit seeking declaratory relief as to the terms of the leases against Tufail and the two business entities, but did not name the FMC as a party. Tufail urged an exception of failure to join a party as per La.Code Civ. Pro. Arts. 641 and 642, but the exception was denied. The two suits were consolidated and a trial was held.
A judgment was rendered in plaintiffs’ favor as follows. Tufail was found in default on the note and was ordered to pay the balance immediately, plus interest and attorney fees, failing which the plaintiffs could immediately seize the assets of the businesses. The judgment also held that the original lease between N.O. Style and the FMC did not prohibit transfer of the management and ownership of the company. It also held that the second lease between N.O. Cooking and the FMC was null and void, and that whatever rights N.O. Cooking may have had in that new lease were now the property of N.O. Style. The defendants have now taken a devolu-tive appeal.
Articles 641 and 642 of the Code of Procedure provide the rules whereby adjudications can not go forward in the absence of certain interested parties. The first article states that a party shall be joined when it claims an interest in the subject matter of the action and is so situated that an adjudication of the action in | fits absence may either a) impair its ability to protect its interest, or b) leave any of the other parties in the position of incurring multiple or inconsistent obligations. Here, there is no question that the FMC is such a party. As lessor on both of the leases at issue here it clearly has an interest in asserting and defending its interpretation of its lease agreements, and failure to join it as a party has impaired its ability to protect this interest. Moreover, because it is not a party, any purported adjudications of its leasehold interests are absolutely null and unenforceable against it. That being the case, the judgment has placed Tufail in the position of having to respond to the judgment on the note or surrender all of the assets to plaintiffs, while at the same time still being potentially liable to the FMC for rent on the premises. It further places the plaintiffs in the position of possibly seizing the *109 assets of Tufail and the two businesses, but no longer having a valid lease of the premises. In these circumstances we must sustain the exception of lack of a party in interest, vacate the judgment, and remand the matter to the district court for further proceedings.
Plaintiffs argue to the contrary that the judgment does not actually implicate the lease, but is on the contrary simply a suit on the note and the underlying Management Agreement. However, that position is belied by plaintiffs’ own assertion that the major asset of the business is indeed its lease. What Tufail bought for over $200,000 was the lease of the premises and about $25,000 in merchandise. If, as the FMC insists, the lease is not transferable then Tufail has paid for a non-existing right. The only manner in which it may judicially be determined whether the terms of the lease prohibit its transfer is in an action in which the FMC is named as a party. Moreover, without the FMC being a party, the holdings in the judgment can have no effect on whether it would reinstate the original lease in favor of N.O. Style or otherwise acknowledge the right of 1 fiWellman and Collier to re-occupy the premises. Absent such a re-instatement plaintiffs will have a potentially hollow victory here.
For the foregoing reasons, defendants’ peremptory exception of nonjoinder of a party needed for a just adjudication is hereby sustained. The judgment of the district court is vacated and the matter is remanded for further proceedings in accordance with this opinion.

JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.