MICHAEL E. KIRBY, Judge.
 

 hThe Board of Commissioners of the Orleans Levee District (“OLD”) appeals the trial court’s granting of plaintiffs summary judgment. We reverse.
 

 On August 18, 2004, OLD as lessor and Cedric Richmond as lessee entered into a Lease Agreement. The lease was for Covered Boat Slip # 19 in the South Shore Harbor Marina and had a term of twenty-four (24) years, six (6) months, beginning on the date the contract was entered into and ending February 18, 2029. Richmond paid the rent for the entire term of the lease in advance, in the amount of seventy-four thousand sixteen and no/100 dollars ($74,016.00).
 

 On August 3, 2005, Richmond granted a Collateral Leasehold Mortgage on Covered Boat Slip # 19 to Whitney National Bank, to secure a collateral mortgage note in the amount of half a million dollars ($500,-000.00). Whitney’s Leasehold Mortgage is recorded as Instrument No. 831825 of the mortgage records of the Parish of Orleans.
 

 On December 28, 2006, Richmond filed suit against OLD for damages and breach of contract arising under the subject lease agreement. In his petition, |2Richmond contended that Hurricane Katrina deprived him of access to Covered Boat Slip # 19, and that OLD failed to “repair and maintain the roof, pilings and structural supports of the Covered Slip located on the leased premises and ... the common areas adjacent to the leased premises in the marina.” Plaintiff sought cancellation of the lease.
 

 On August 23, 2007, Richmond filed a motion for summary judgment asserting that there were no genuine issues of material fact and that he was entitled to judgment cancelling the lease as a matter of law. Richmond contended the Covered Boat Slip # 19 was partially destroyed as a result of Hurricane Katrina; consequently, he asserted he was entitled to a cancellation of the lease under La. C.C. art. 2715. There was a dearth of evidence presented by plaintiff to support the motion. There is a rule to show cause in the record in which a hearing date for this matter was set for November 9, 2007.
 

 OLD filed an opposition based upon the affidavit of Gerry Gillen, P.E., stating that Covered Boat Slip # 19 was not partially destroyed, and that it did not sustain any damage as a result of Katrina. Mr. Gil-len’s affidavit also set out the steps OLD had taken since Katrina to clean up the Marina, clear obstructions, and otherwise to restore any damaged common areas to the Marina.
 

 On November 13, 2007, subsequent to receiving OLD’s opposition memorandum, plaintiff filed a motion to continue the
 
 *487
 
 hearing on his motion for summary judgment in order to produce evidence.
 

 [sAt this point the record becomes unclear as to what occurred, but OLD alleges that the trial court granted a hearing date
 
 ex parte
 
 in favor of Richmond.
 

 On January 22, 2008, OLD filed a peremptory exception of nonjoinder in connection with the Leasehold Mortgage granted by Richmond in favor of Whitney National Bank, and in which Richmond obligated himself not to terminate the Lease Agreement or otherwise modify the term of the lease.
 

 On January 25, 2008, the trial court conducted a hearing on Richmond’s motion for summary judgment. The record is absolutely void of service upon OLD regarding this January 25, 2008 hearing on Richmond’s motion for summary judgment. Without counsel for OLD present, the trial court ruled in favor of Richmond. When counsel for OLD appeared for a January 28, 2008 hearing in the matter, the court informed counsel for OLD that the matter had been heard and judgment rendered granting Richmond’s summary judgment. OLD then moved for a new trial on the basis of lack of notice and the outstanding peremptory exception. The trial court scheduled the hearing for OLD’s motion and exception for a later date.
 

 On March 7, 2008, the trial court denied OLD’s peremptory exception, granted OLD’s motion for new trial and contemporaneously re-granted Richmond’s motion for summary judgment. The trial court also orally designated its grant of the summary judgment as a final judgment for purposes of appeal.
 

 OLD makes two assignments of error: First it claims, the trial court erred in denying OLD’s peremptory exception of Nonjoinder. Second it asserts, the trial |4court erred in granting summary judgment because there exist genuine issues of material fact.
 

 Our appellate review of the granting of a motion for summary judgment is
 
 de novo. Jefferson v. Cooper/T.Smith Corp.,
 
 2002-2136, p. 2 (La.App. 4 Cir. 10/1/03), 858 So.2d 691, 693, citing
 
 Schroeder v. Bd. of Sup’rs of Louisiana State University,
 
 591 So.2d 342 (La.1991).
 

 DISCUSSION
 

 The rationale for OLD’s peremptory exception of nonjoinder argument begins with La. C.C. art. 3286, entitled property susceptible of mortgage, which states:
 

 The only things susceptible of mortgage are:
 

 (1) A corporeal immovable with its component parts.
 

 (2) A usufruct of a corporeal immovable.
 

 (3) A servitude of right of use with the rights that the holder of the servitude may have in the buildings and other constructions on the land.
 

 (4) The lessee’s rights in a lease of an immovable with his rights in the buildings and other constructions on the immovable.
 

 (5) Property made susceptible of conventional mortgage by special law.
 

 [Emphasis added.]
 

 The lease at issue here grants rights in the waterbottoms of Lake Pontchartrain, which meets the definition of an immovable. La. C.C. art. 3280 provides that:
 

 1 sMortgage is an indivisible real right that burdens the entirety of the mortgaged property and that follows the property into whatever hands the property may pass.
 

 Thus, the Leasehold Mortgage between Richmond and Whitney National Bank (Whitney) creates privity of contract between the parties and grants a real right
 
 *488
 
 in Covered Boat Slip # 19 to Whitney in exchange for the half million dollar collateral mortgage to Richmond. Since Rich-monds suit to cancel the lease will affect Whitneys security interest because it seeks to. destroy the lease itself, which is the basis of the creditors collateral, Whitneys real right cannot be overlooked.
 
 [1]
 

 We are thus led to Louisiana Code of Civil Procedure Article 641, which provides:
 

 A person shall be joined as a party in the action when either:
 

 (1) In his absence complete relief cannot be accorded among those already parties.
 

 (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
 

 (a) As a practical matter, impair or impede his ability to protect that interest.
 

 (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
 

 OLD submits that Whitney, which holds a security interest in the lease Richmond seeks to cancel, is such a party as contemplated by La. C.C.P. art. 641.
 

 | nHere the trial court adjudicated the rights of the lease with only the debtor, the plaintiff, being represented. The trial court erred in adjudicating the rights to the lease without the creditor's presence because the termination of lease rights affects the creditor, i.e., Whitney. This result is arrived at by the clear language of the Civil Code and the La.Code of Civil Procedure, as well as case law.
 
 See Stewart v. Williams,
 
 572 So.2d 1085 (La.App. 1 Cir.1990);
 
 Williams v. Williams,
 
 2000-2262, pp. 3-4 (La.App. 1 Cir. 5/10/00), 818 So.2d 900, 902;
 
 Terra Development Corp. v. Southland Dragway, Inc.,
 
 442 So.2d 587, 588 (La.App. 1 Cir.1983).
 

 Moreover, the failure to join and provide notice to Whitney, a party who has rights in the property, i.e., security interest rights, that is the subject of litigation created due process issues under both the United States and Louisiana Constitutions, which require that all interested parties be given notice and an opportunity to be heard before their rights can be affected.
 
 Mullane v. Central Hanover Bank & Trust Co.,
 
 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). This right of notice and an opportunity to be heard is so strong that any judgment rendered without the required joinder is an absolute nullity.
 
 James v. Maison Orleans II, Inc.,
 
 2004-1132 (La.App. 4 Cir. 5/11/05), 913 So.2d 115, 122 citing
 
 Frey v. American Quarter Horse Assoc.,
 
 95-157, p. 7 (La.App. 5 Cir. 7/25/95), 659 So.2d 849, 852.
 

 ^Accordingly, the trial court committed legal error when it denied OLD’s peremptory exception of nonjoinder. Whitney must be afforded the opportunity to protect its collateral, i.e., the lease which Richmond seeks to terminate.
 

 Because our analysis of the first assignment of error moots the second assignment of error, we need not analyze it at this time.
 

 For the aforementioned reasons, we reverse the judgment rendered below and remand for further proceedings in accord with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The purpose of a creditor obtaining a security interest, is so that it can easily seize collateral, in this case leasehold rights of plaintiff in the Covered Boat Slip, in case the debtor cannot meet his obligations to repay the loan.