GAIDRY, J.
 

 LThis appeal involves an action by an insurance agent and his agency seeking damages for breach of contract, unfair trade practices, antitrust violations, and interference with contractual relations. The defendants-appellants, Grant P. Gra-vois (“Gravois”) and Grant P. Gravois Insurance Agency, Inc. (“Gravois Agency”), State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire and Casualty Company, State Farm General Insurance Company (collectively, “State Farm”), and Robert A. England (“England”), seek reversal of the trial court’s judgment denying their peremptory exceptions of no cause of action in favor of the plaintiffs-appellees, Leigh Van Hoose, Jr. (“Van Hoose”) and Leigh Van Hoose, Jr. Insurance Agency Inc. (“Van Hoose Agency”).
 
 [1]
 
 
 *1020
 
 We reverse the trial court’s judgment for the following reasons and remand the case in order to allow plaintiffs to amend their petition pursuant to La.Code Civ. P. art. 934.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Van Hoose entered into a “State Farm Agent’s Agreement” with State Farm, effective November 1, 1980, which provided that Van Hoose would be an independent contractor and the Van Hoose Agency would only sell State Farm insurance. The Van Hoose Agency is located in Sli-dell, Louisiana. Curtis Martin was another State Farm agent located in Slidell. Martin and Van Hoose were close friends, and when Martin developed cancer and his death became imminent, he requested that Van Hoose consider hiring his most valued employee, Fanny Pichón. Soon after Martin’s passing, Van Hoose hired Pichón with an effective employment |4date of July 1, 2009. Sometime after July 1, 2009, Gra-vois began operating the Gravois Agency in Slidell.
 

 Van Hoose filed a petition for damages on January 5, 2011, in which he claims that one week after hiring Pichón he received a call from England, an agency field executive for State Farm, who stated that “he better not see any policyholder transfers from the Curtis [Martin] Agency to the Van Hoose Agency.” Van Hoose stated that he told England that neither he nor Pichón had solicited or would solicit any business from the former Curtis Martin Agency. Plaintiffs allege that Gravois, a former State Farm employee, was promised and expected to have all the policyholders from the former Curtis Martin Agency. The petition further alleges that several policyholders decided to transfer from the Curtis Martin Agency to the Van Hoose Agency of their own volition. Subsequently, England again contacted Van Hoose and stated that he had the power to shut down the Van Hoose Agency if more policyholders requested transfers. In the fall of 2009, England and State Farm allowed some policyholders to transfer agencies at their request, but Gravois contacted several policyholders in an attempt to convince them not to switch. Plaintiffs claim that on January 7, 2010, Gravois stated in an email to Van Hoose, copying England and others, that as of that date he would not allow any more policyholders to transfer to the Van Hoose Agency. Since that time, any transfer requests from policyholders have been blocked by England.
 

 Plaintiffs’ petition seeks to allege causes of action for (1) breach of contract; (2) unfair trade practices in violation of the Louisiana Unfair Trade Practices Act (“LUTPA”), La. R.S. 51:1401,
 
 et seq.;
 
 (3) restraint of trade in violation of the Louisiana antitrust statute, La. R.S. 51:122; and (4) interference with contractual relations. Defendants filed exceptions of no [5cause of action with respect to the unfair trade practices and antitrust claims. The trial court held a hearing on the exceptions on May 11, 2011, and subsequently signed a judgment on May 23, 2011, denying the exceptions of no cause of action. This appeal followed.
 

 ASSIGNMENTS OF ERROR AND ISSUES PRESENTED
 

 Defendants-appellants contend that the trial court erred in denying their exceptions of no cause of action. State Farm and England frame the issues presented for our review as follows:
 

 
 *1021
 
 1. Whether a plaintiff meets his burden of pleading an antitrust claim under Louisiana law where the allegations of his petition plead only a reduction in intrabrand competition and not interbrand competition, and injury to himself with no corresponding antitrust injury or injury to competition?
 

 2. If there is a contract, combination, or conspiracy, which State Farm and England dispute, does Louisiana antitrust law recognize a
 
 per se
 
 horizontal restraint of trade under La. R.S. 51:122 where a plaintiff pleads only one same-level competitor?
 

 3. In a case where plaintiffs have only nominally pleaded a vertical restraint of trade (wherein they are required to plead with material facts a relevant product and geographic market), does a petition that states only that the relevant geographic market is the “greater Slidell area” and the relevant product market is “State Farm approved and authorized products” satisfy the fact-pleading standard to advance a State antitrust claim?
 

 4. Where a plaintiff pleads a LUTPA claim that is premised entirely on the existence of an antitrust claim, and the antitrust claim is insufficiently pleaded, must the LUTPA claim be dismissed?
 

 Gravois and Gravois Agency’s issues for review are similar:
 

 1. Whether the trial court incorrectly found that plaintiffs properly pled a claim under La. R.S. 51:122?
 

 2. Whether plaintiffs have alleged a vertical restraint of trade?
 

 3. Whether plaintiffs faded to show there is an unreasonable restraint on competition?
 

 4. Whether plaintiffs failed to plead a relevant market?
 

 5. Whether plaintiffs have also failed to allege a cause of action under the LUTPA?
 

 [ r,APPELLATE REVIEW OF JUDGMENT DENYING PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION
 

 The objection that a petition fails to state a cause of action is properly raised by the peremptory exception. La. C.C.P. art. 927(A)(5). The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition, in terms of whether the law extends a remedy to anyone under the petition’s factual allegations.
 
 Stroscher v. Stroscher,
 
 2001-2769 (La.App. 1st Cir.2/14/03), 845 So.2d 518, 523. For purposes of determining the issues raised by a peremptory exception of no cause of action, the well-pleaded facts in the petition must be accepted as true, and the court must determine if the law affords the plaintiff a remedy under those facts.
 
 Id.
 
 Any doubts are resolved in favor of the sufficiency of the petition.
 
 Id.
 

 Appellate review of the denial of a peremptory exception of no cause of action is
 
 de novo
 
 because an exception of no cause of action presents a question of law and the trial court’s decision is based only on the sufficiency of the petition.
 
 City of Denham Springs v. Perkins,
 
 2008-1937 (La.App. 1st Cir.3/27/09), 10 So.3d 311, 321-22,
 
 writ denied,
 
 2009-0871 (La.5/13/09), 8 So.3d 568. Though the denial of an exception of no cause of action is normally not appealable, La. R.S. 51:134 and 135 provide for an immediate appeal of such an interlocutory judgment related to antitrust claims.
 
 Plaquemine Marine, Inc. v. Mercury Marine,
 
 2003-1036 (La. App. 1st Cir.7/25/03), 859 So.2d 110, 114, n.
 
 *1022
 
 3. While there is no specific statutory-provision providing for an immediate appeal of an interlocutory judgment related to LUTPA claims, courts have addressed LUTPA claims along with antitrust claims on appeals authorized by R.S. 51:134 and 135.
 
 See Southern Tool & Supply, Inc. v. Beerman Precision, Inc.,
 
 2003-0960 (La.App. 4th_L7Cir.11/26/03), 862 So.2d 271,
 
 writs denied,
 
 2003-3481, 2003-3518, & 2003-3536 (La.3/12/04), 869 So.2d 821, 825, & 826;
 
 see also Jefferson v. Chevron U.S.A. Inc.,
 
 97-2436, 98-0254 (La.App. 4th Cir.5/20/98), 713 So.2d 785,
 
 writ denied,
 
 98-1681 (La.10/16/98), 727 So.2d 441. Regardless, in the event that the Court does not have appellate jurisdiction over the LUTPA claim, we choose to exercise our supervisory jurisdiction pursuant to Article V, Section 10(A) of the Louisiana Constitution of 1974.
 

 DISCUSSION
 

 A. Antitrust claim under La. R.S. 51:122
 

 The Louisiana antitrust statute provides that “[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal.” La. R.S. 51:122(A). The federal and state antitrust laws were intended to be sweeping in breadth, encompassing every conspiracy, contract, or combination that restrains trade.
 
 Louisiana Power & Light Co. v. United Gas Pipe Line Co.,
 
 493 So.2d 1149, 1154-55 & n. 12 (La.1986). Not every business arrangement that restrains trade in some manner is illegal, however. The first step in analyzing an agreement to restrain trade is to determine whether it should be categorized as horizontal or vertical. A horizontal conspiracy is an agreement between competitors that restrains trade at the same level of distribution, and such agreements are generally considered “per se” violations of antitrust law.
 
 Plaquemine Marine, Inc.,
 
 859 So.2d at 117;
 
 Southern Tool & Supply, Inc.,
 
 862 So.2d at 280. A vertical restraint is imposed by persons at different levels of distribution, usually by one higher up in the distribution chain than the party restrained. When a vertical conspiracy is alleged, plaintiffs must show that the restraint of trade violates the “rule of reason.”
 
 Plaquemine Marine, Inc.,
 
 859 So.2d at 118.
 

 [sThe rule of reason analysis under both federal and Louisiana law requires proof of three elements: that the defendants (1) engaged in a conspiracy (2) that restrained trade or injured competition (3) in a particular market.
 
 Abraham v. Richland Parish Hosp. Service Dist. 1-B,
 
 41,141 (La.App.2d Cir.8/23/06), 938 So.2d 1163, 1172,
 
 writ denied,
 
 2006-2534 (La.1/8/07), 948 So.2d 124. Where the alleged restrictions are vertical, and not directed at fixing prices, their legality is governed by' the rule of reason, and in order to prevail under the rule of reason, a plaintiff must show that the defendants’ conduct has an adverse effect on competition.
 
 Red Diamond Supply, Inc. v. Liquid Carbonic Corp.,
 
 637 F.2d 1001, 1005 (5th Cir.),
 
 cert. denied,
 
 454 U.S. 827, 102 S.Ct. 119, 70 L.Ed.2d 102 (1981).
 

 In this case, plaintiffs-appellees argue that a horizontal conspiracy is alleged, which implicates the per se rule. However, jurisprudence is clear that horizontal combinations are agreements
 
 between competitors
 
 at the same level of distribution.
 
 See Plaquemine Marine, Inc.,
 
 859 So.2d at 117;
 
 see also Southern Tool & Supply, Inc.
 
 862 So.2d at 280. The agreement alleged here is among Gravois, the Gravois Agency, and England. While it is not entirely clear under Louisiana law and the facts of this case whether Gravois
 
 *1023
 
 could conspire with the Gravois Agency, even assuming that he could, there is no allegation that Gravois, the Gravois Agency, and England compete with each other. Therefore, under the facts alleged thus far, there could not be a horizontal conspiracy since the alleged agreement is not “between competitors.” The agreement alleged is properly categorized as a vertical conspiracy, triggering the rule of reason analysis.
 

 Under the rule of reason, and in order to state an antitrust claim under La. R.S. 51:122, a plaintiff must adequately allege injury to competition.
 
 Plaquemine Marine, Inc.,
 
 859 So.2d at 118. This requirement cannot be met 19by broad allegations of harm to the “market” as an abstract entity.
 
 Id.
 
 Even an act of pure malice by one business competitor against another does not, without more, state an antitrust claim.
 
 Id.
 
 at 119. Since Louisiana is a fact-pleading state, a plaintiff must set forth “material facts” that form the basis for the asserted cause of action.
 
 Id.
 
 at 118. A mere conclusion unsupported by material facts does not set forth a cause of action; therefore, conclusory statements of fact or formulaic recitations of the elements of an antitrust violation are insufficient to state a claim.
 
 Tuban Petroleum, LLC v. SIARC, Inc.,
 
 2009-0302 (La.App. 4th Cir.4/15/09), 11 So.3d 519, 522-23,
 
 writ denied,
 
 2009-0945 (La.6/5/09), 9 So.3d 877.
 

 In this case, plaintiffs allege in their petition that the conspiracy to restrain trade “prevented] or discourage[d] State Farm policyholders from moving their State Farm policies from the Gravois Agency to the Van Hoose Agency,” which “injured competition in the market by denying policyholders a free choice to select the State Farm agency they wished to have their business placed with.” Plaintiffs further allege that the defendants’ conspiracy “significantly injured competition among the remaining agencies.” These allegations are broad and conclusory claims of harm to the market. The material facts underlying these allegations assert that the alleged agreement prevented State Farm policyholders from switching from the Gravois Agency to the Van Hoose Agency. While the petition contains an allegation regarding injury to “competition among the remaining agencies,” there are no material facts plead to support such an allegation. There are no allegations that the State Farm policyholders in question were not allowed to transfer their policies to any other State Farm agency or any other insurance company. Therefore, the allegations of injury 110to competition in the petition are insufficient to state a valid antitrust claim under La. R.S. 51:122.
 

 Since we find that plaintiffs-appellees have not adequately alleged injury to competition to support their antitrust claim and reverse the trial court’s judgment on this basis, it is unnecessary to address the other issues related to the antitrust claim raised by appellants.
 

 B. Unfair Trade Practices claim under LUTPA
 

 The Louisiana Unfair Trade Practices Act, La. R.S. 51:1401,
 
 et seq.,
 
 does not enumerate those instances of conduct that constitute unfair trade practices, but La. R.S. 51:1405(A) provides that “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” This Court has noted that the LUTPA is patterned after the Federal Trade Commission Act and prohibits the same type of deceptive and anti-competitive conduct as prohibited by the Federal Trade Commission Act.
 
 Capitol House Preservation Co., LLC v. Perryman Consultants, Inc.,
 
 2008-0367 (La.App. 1st Cir.8/28/09), 47 So.3d 408, 417,
 
 writ denied,
 
 
 *1024
 
 2009-2638 (La.2/12/10), 27 So.3d 856,
 
 cert. denied,
 
 — U.S.-, 131 S.Ct. 104, 178 L.Ed.2d 30 (2010). Therefore, in interpreting Louisiana’s statute, a court must consider how the Federal Trade Commission and the federal courts have applied the Federal Trade Commission Act to various types of conduct.
 
 Id.
 
 Under the Federal Trade Commission Act, vertical territorial and customer restrictions are not prohibited absent a showing of injury to competition.
 
 Red Diamond Supply, Inc.,
 
 637 F.2d at 1008. In addition, the U.S. Fifth Circuit has noted that “the real thrust of the LUTPA, modeled after the Federal Trade Commission Act, ... is to deter injury to competition.”
 
 Reingold v. Swiftships, Inc.
 
 126 F.3d 645, 652 (5th Cir.1997) (quoting
 
 Omnitech
 
 |
 
 11International, Inc. v. Clorox Company,
 
 11 F.3d 1316, 1331 (5th Cir.),
 
 cert. denied,
 
 513 U.S. 815, 115 S.Ct. 71, 130 L.Ed.2d 26 (1994)). As discussed above regarding the antitrust claim, plaintiffs-appellees have failed to adequately allege injury to competition in this case. Therefore, plaintiffs-appellees have similarly failed to state a claim for unfair trade practices under the LUTPA.
 

 DECREE
 

 The judgment of the trial court denying the peremptory exceptions of no cause of action is reversed, and the case is remanded in order to allow plaintiffs to amend their petition pursuant to La. C.C.P. art. 934. Costs of this appeal shall be split equally between the parties.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Gravois and Gravois Agency filed a separate exception from State Farm and England.
 
 *1020
 
 However, the substance of the exceptions and the arguments made in this appeal are substantially similar.